IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: JOHN   MICHAEL BRADLEY, | : | Chapter 12 |
| AKA J. MICHAEL BRADLEY, AKA MICHAEL | : | |
| BRADLEY, AKA MIKE BRADLEY AND | : | |
| REBECCA S. BRADLEY, | : | |
| debtor | : | Case No.  4-15-04370 |
| | | |
| IN RE: JOHN   MICHAEL BRADLEY, | : | |
| AKA J. MICHAEL BRADLEY, AKA MICHAEL | : | |
| BRADLEY, AKA MIKE BRADLEY AND | : | |
| REBECCA S. BRADLEY, | : | |
| Movant | : | |
| v. | : | |
| USA, ACTING THROUGH USDA, | : | |
| FARM SERVICE AGENCY, | : | |
| PENNSYLVANIA DEPARTMENT OF | : | |
| REVENUE, | : | |
| OCWEN LOAN SERVICING, LLC, AS SERVICER | : | |
| FOR THE BANK OF NEW YORK MELLON TRUST | : | |
| COMPANY, NATIONAL ASSOCIATION FKA THE | : | |
| BANK OF NEW YORK TRUST COMPANY, | : | |
| N.A. AS SUCCESSOR TO JPMORGAN | : | |
| CHASE BANK, N.A., AS TRUSTEE FOR | : | |
| RESIDENTIAL ASSET MORTGAGE | : | |
| PRODUCTS, INC., MORTGAGE ASSETBACKED | : | |
| PASS-THROUGH CERTIFICATES SERIES 2005-RP2 | : | |
| Respondents | : | |

**CONSENT ORDER**

Upon consideration of the Debtors' Motion to Sell Real Estate Located at 3799 Judson Hill Road, Gillett, Bradford County, Pennsylvania, Free and Clear of Liens and Encumbrances Pursuant to 11 U.S.C. § 363, further consideration of the Objection of Ocwen Loan Servicing, LLC, as servicer for the Bank of New York Mellon Trust Company, National Association, fka The Bank of New York Trust Company, N.A. as successor to JP Morgan Chase Bank, N.A., as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Assetbacked Pass-Through Certificates Series 2005-RP24-15-04370, and upon the consent of the Debtor and Ocwen Loan Servicing, and no other party objecting to the sale:

IT IS HEREBY ORDERED that the Motion is granted.  The Movant shall be permitted to sell the real estate located at 3799 Judson Hill Road, Gillett, Bradford County, Pennsylvania, free and clear of all liens in accordance with the terms of the Agreement of Sale attached as Exhibit "A" to the Motion and to distribute the proceeds, to the extent available, in the following order of priority:

A. Payment of ordinary and necessary expenses incurred incident to the sale of the real estate, including but not limited to, the payment of transfer taxes, if any, deed preparation, notary fees, disbursal fees, current and past real estate taxes, and tax pro rations, tax certifications, delivery charges and outstanding statutory liens, if any.

B. Payment of the sum of $16,263.48, or the proceeds remaining after the payment of ordinary and necessary expense of the sale, whichever is greater, to Ocwen Loan Servicing.

C. Payment of an amount up to but not exceeding the then outstanding second mortgage balance owed to Farm Service Agency.

D. Payment of an amount up to but not exceeding the then outstanding tax lien balance owing the Pennsylvania Department of Revenue.

E. The entire remaining balance of the net proceeds of the sale, if any, shall be distributed to the Trustee to fund the Debtor's obligations under their Chapter 12 Plan.

IT IS FURTHER ORDERED that a HUD-1 settlement sheet shall be provided to the Chapter 12 Trustee within ten (10) days from the date of settlement.

IT IS FURTHER ORDERED that the stay provided by B.R.C.P. 6004(h) shall be inapplicable to this Order.